IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE LUIS ORTIZ,
Plaintiff,

vs. Case No. 5:10cv54/RS/MD

FEDERAL PRISONS CAMP, et al.,
Defendants.

---

**ORDER**

This cause is before the court upon plaintiff's complaint asserting claims under 28 U.S.C. § 1331 and *Bivens*[1] for the alleged violation of his constitutional rights, as well as claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2401(b), 2671-2680 for negligence. (Doc. 6). The filing fee has been paid. (Doc. 5). From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief as to one or more of the named defendants. It is further evident that plaintiff's tort claims may be time-barred. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff is a federal inmate currently confined at the Federal Correctional Institution - Low in Coleman, Florida. He is suing the United States of America and several individual prison officials at the Federal Detention Center in Miami, Florida ("FDC-Miami") and the Federal Prison Camp in Pensacola, Florida ("FPC-Pensacola.") with regard to an inmate assault that occurred on April 15, 2007, and the medical care provided for plaintiff's injuries. Plaintiff also challenges two Incident Reports ("IRs") he received during that time.

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (recognizing an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

Based on plaintiff's allegations, he asserts the following constitutioanl claims: (1) Eighth Amendment claims for denial of adequate medical care, (2) Fourth Amendment malicious proseuction claims relating to the Incident Reports, and (3) a violation of "Right to Privacy" with regard to the disclosure of plaintiff's medical records to a non-medical prison official. Plaintiff's tort claims are based on the defendants' alleged negligence in failing to protect plaintiff from the inmate assault and failing to provide necessary medical care. As relief, plaintiff seeks $3 million "on any and all sustained Constitutional claims" and $1 million "on any [and] all sustained Tort claims." He also seeks an injunction "directing the Defendants to provide Plaintiff Ortiz proper medical treatment which should include proper medication and corrective and reconstructive surgery." (Doc. 6).

As an initial matter, plaintiff must clarify the defendants in this action. In the style of the case plaintiff names twelve defendants: Loren A. Grayer, Warden of FDC-Miami; Lieutenant Hernandez, prison official at FDC-Miami; H. L. Harrison, Unit Manager at FDC-Miami; Henry Crespo, Counselor at FDC-Miami; Scott, Fisher, Warden of FPC-Pensacola; J. Garbrick, correctional officer at FPC-Pensacola; Edwin Lopez, medical doctor at FDC-Miami; M. Ramirez, medical doctor at FDC-Miami; P. Carabeo, Physician's Assistant; Barry J. Stein, optometrist at FPC-Pensacola; J. Woods, Physician's Assistant at FPC-Pensacola; and the United States of America. (Doc. 6, p. 1). However, in the "Defendants" section of the complaint, plaintiff identifies only eleven defendants. (Doc. 6, p. 2). Furthermore, three of the individuals listed as defendants in the style of the case and in the defendants section of the complaint are mentioned no where in the body of plaintiff's complaint.[2] Plaintiff is advised that the defendants listed in the style of the case must conform to those identified in the "Defendants" section of the complaint. In determining the proper defendants, plaintiff should name only those persons who are responsible for the alleged constitutional violations.[3] In the "Statement of Facts" section, plaintiff should clearly

---

[2]Warden Grayer, Warden Fisher, and Counselor Crespo are not mentioned in the body of plaintiff's complaint.

[3]In this regard, plaintiff is advised that in a *Bivens* action, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009); *see also id*. ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant,

describe how each named defendant is involved in each alleged constitutional violation. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.

It is further noted that in the style of the case plaintiff indicates he is suing each individual defendant in his individual and official capacity. Naming the individual defendants in their official capacities is improper. A suit against a federal employee in his official capacity is, in essence, a suit against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Sovereign immunity bars damages claims against the United States for a federal official's violation of a litigant's constitutional rights. *Id*.; *cf. FDIC v. Meyer*, 510 U.S. 471, 485, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (explaining that the Court "implied a cause of action against federal officials in *Bivens* in part because a direct action against the government was not available" to remedy constitutional tort claims). Thus, plaintiff cannot assert *Bivens* claims against the individual federal defendants in their official capacities, only their individual capacities. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 521-22, 151 L.Ed.2d 456 (2001); *Simanonok v. Simanonok*, 918 F.2d 947, 950 (11th Cir. 1990) (holding that no *Bivens* relief is available for constitutional claims against federal officials in their official capacities); *Leonard v. Rumsfeld*, 146 F.Supp.2d 1227, 1230-31 (M.D. Ala. 2001) (same); *Marsden v. Federal B.O.P.*, 856 F.Supp. 832, 835 (S.D. N.Y. 1994) (holding that claims for money damages against individual federal defendants in an official capacity must be dismissed for lack of jurisdiction).

Further, although plaintiff also brings claims under the Federal Tort Claims Act, those claims are properly pursued by naming the United States as a defendant, which plaintiff has done. Therefore it is unnecessary for plaintiff to sue any of the individual officials in their official capacities. In amending, plaintiff should remove his reference to official capacity claims against the individual defendants.

---

through the official's own individual actions, has violated the Constitution."); *Dalrymple v. Reno*, 334 F.3d 991, 995-96 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under *Bivens* for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.") (internal quotation marks omitted).

Also with regard to plaintiff's FTCA claims, he is advised of the following. Before bringing an FTCA action in federal district court, a claimant must first exhaust his administrative remedies by filing an administrative grievance with the appropriate federal agency within two years of the date the claim accrues. Specifically, 28 U.S.C. § 2675(a) provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Title 28 U.S.C. 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Once the agency mails notice of final denial of the claim, the claimant has six months in which to bring an action in district court. 28 U.S.C. § 2401(b); *Phillips v. United States*, 260 F.3d 1316, 1317 (11th Cir. 2001) ("It is undisputed that under section 2401(b), a tort claim must be presented to the appropriate federal agency within two years after the claim accrues *and* the lawsuit must be commenced within six months after the receipt of a final agency decision."); *Day v United States*, No. 4:08cv92/SPM/WCS, 2008 WL 4327361, at *1 (N.D. Fla. Sept. 16, 2008) ("In construing the plain meaning of section 2401(b), tort claimants filing suit against the United States can be barred by the statute of limitations in two ways: (1) they can be barred if they do not file a claim with the appropriate federal agency within two years; or (2) they can be barred even if they do file a timely administrative claim, but fail to file a suit in district court within six months after final notice of the agency's action on their claim.").

Failure to timely file a civil action in district court is a jurisdictional bar that prevents judicial review of a tort claim against the United States. *Phillips*, 260 F.3d at 1319

(affirming dismissal of plaintiff's FTCA claims for lack of jurisdiction, where plaintiff did not file her action in district court within six months after she received notice that her claims had been administratively denied); *Shoff v. United States*, 245 F.3d 1266 (11th Cir. 2001) (affirming dismissal of plaintiff's FTCA claims where plaintiff filed his complaint in federal court seven months after the date of mailing of the agency's denial letter).

In the instant case, plaintiff has advised that his tort claim was denied on October 8, 2009. (Doc. 1, p. 1). Yet he did not file the instant complaint until June 14, 2010. (Doc. 6, p. 11). This is well beyond the six-month limitations period. In a "Motion for Extension of Time" filed in this court on March 10, 2010, plaintiff requested an "extension" of the six-month limitations period, explaining that he was transferred from FPC-Pensacola to the Escambia County Jail on February 7, 2010, and then transferred to the Jackson County Jail in Marianna, Florida. Plaintiff asserted that he was without his legal papers during this period, and that as of March 10, 2010, he still had not received his papers despite having submitted an inmate request to the Jackson County Jail on February 22, 2010. Plaintiff argued that his "excusable negligence" warranted an extension of the limitations period. (Doc. 1). In response to this motion, the court issued an order on March 19, 2010 advising plaintiff that until he filed a complaint, the court was without jurisdiction to consider its timeliness or whether any exceptions to the statute of limitations may apply. (Doc. 4). Plaintiff was mailed an FTCA complaint form, and expressly warned that "[d]ue to the six-month time limitation, plaintiff should file his complaint as quickly as possible." Plaintiff waited another three more months before filing his complaint. Plaintiff has not explained this delay, or the four-month delay preceding his transfer. In amending, plaintiff should address why his FTCA claims are not barred by the statute of limitations.[4]

---

[4]Generally, "statutes of limitations are subject to equitable tolling." *Robinson v. United States*, 327 Fed. Appx. 816 (11th Cir. 2007) (unpublished) (citing *United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 85 L.Ed.2d 64 (1985)). The Supreme Court has held that equitable relief should be expanded only sparingly to individuals and highlighted two scenarios demonstrating the application of such relief.

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

As to the substance of plaintiff's *Bivens* claims against the individual defendants, he is advised of the following. Plaintiff seeks to hold defendant Lieutenant Hernandez liable for the April 15, 2007 inmate assault, yet he provides no allegations indicating a causal connection between this defendant and the assault. To the contrary, plaintiff's sole allegation against defendant Hernandez is that this defendant granted plaintiff's request to be placed in protective custody inside the Special Housing Unit. (Doc. 6, p. 7). It was allegedly defendant Harrison who ordered that plaintiff be released from protective custody. (*Id.*) Unless plaintiff can demonstrate a causal connection between defendant Hernandez and the inmate assault, he should remove this defendant from his amended complaint.

Plaintiff is further advised that his Eighth Amendment claims against the five medical personnel, defendants Edwin Lopez, Ramirez, Carabeo, Woods and Stein, require further factual development. Plaintiff alleges, generally, that these defendants "failed to keep with the planned medical treatment to correct Plaintiff Ortiz's injuries. The Defendants have missed scheduled medical appointments with the local hospitals and doctors, and also have denied Ortiz medical treatment and medication within the prison medical departments." (Doc. 6, p. 8). These allegations are too broad. As plaintiff was advised on the complaint form, he must describe how each defendant was involved in the violation of his constitutional rights, and what each person did or did not do which gives rise to his claim. In describing what each defendant did, plaintiff must state the name of the person involved, dates, places, and specific conduct. Plaintiff's allegations must be specific enough to apprise each defendant of what he did that violated plaintiff's constitutional rights.

With regard to plaintiff's claim that defendants Harrison and Garbrick violated his Fourth Amendment rights by maliciously prosecuting him for two Incident Reports, (doc.

---

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)(citations omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *see, e.g., Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 157, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (permitting tolling if "affirmative misconduct on the part of a defendant lulled the plaintiff into inaction"). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96. In order to show entitlement to equitable tolling, plaintiff must establish both extraordinary circumstances and diligence.

6, p. 9) he is advised that his allegations fail to state a plausible Fourth Amendment claim. Plaintiff alleges in support of this claim that the Incident Reports were “unwarranted” and “unfounded.” However, the filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2nd Cir. 1986). This is primarily because the Constitution requires only that plaintiff be afforded due process at the institutional hearing, which represents his opportunity to expose any such falsities or inaccuracies. *Freeman*, 808 F.2d at 952; *see also Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Because the mere issuance of an “unwarranted” or “unfounded” incident report, alone, does not amount to a constitutional violation, plaintiff has failed to state a plausible Fourth Amendment claim against defendants Harrison and Garbrick.

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If plaintiff chooses <u>not</u> to proceed with this action, he should file with the court a notice of voluntary dismissal. If plaintiff chooses to proceed with this action, he must completely fill out a new complaint form, marking it **“Amended Complaint.”** Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the “Parties” section of the form. In the “Statement of Facts,” plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint. In the section entitled “Statement of Claim,” plaintiff must state what rights under the Constitution or laws of the United States have been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court shall forward to the plaintiff a complaint form for use in actions under 28 U.S.C. § 1331 or § 1346. This case number should be written on the form.

2. Within **twenty-eight (28) days** of the date of this order, plaintiff shall file an amended complaint, which shall be typed or clearly written and submitted on the court form as instructed above. Failure to submit an amended complaint as instructed will result in a recommendation that this case be dismissed.

DONE AND ORDERED this 23rd day of November, 2010.

/s/ Miles Davis

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**